**FILED**

**December 21, 2017**

**TN COURT OF WORKERS' COMPENSATION CLAIMS**

**Time: 11:34 A.M. EASTERN**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **ARTHUR LETNER,** | ) | **Docket No. 2016-03-0730** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HIGHLAND STEEL ERECTORS,** | ) | **State File No. 54132-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERISAFE INTERSTATE** | ) | **Judge Pamela B. Johnson** |
| **INSURANCE CO.,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
## (ON-THE-RECORD DETERMINATION)

This matter came before the undersigned Workers' Compensation Judge on December 1, 2017, on Arthur Letner's Request for Expedited Hearing (REH) seeking a decision on the record. Highland did not request an evidentiary hearing. Upon careful consideration of the record, this Court finds it needs no additional information to determine whether Mr. Letner is likely to prevail at a hearing on the merits and decides this matter upon a review of the written materials.

The central legal issue is whether Mr. Letner is entitled to additional medical and temporary disability benefits. For the reasons set forth below, the Court holds Mr. Letner failed to come forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits and denies his requested relief at this time.

### History of Claim

Mr. Letner worked for Highland as an ironworker. On July 20, 2015, he slipped and fell while walking backward pulling insulation, injuring his low back. He felt sudden pain in his left leg and developed radiating pain into his left foot. He continued to work,

1

but his pain worsened. He has not worked since August 19, 2015.[1]

One month later, Mr. Letner saw his primary care physician, Dr. Larry Wolfe, who ordered a lumbar MRI and referred him to a specialist. He saw neurosurgeon Dr. Christopher Gallati afterward with complaints of leg pain. Mr. Letner reported that Dr. Wolfe referred him for an injury at work, stating he felt like "he pulled something" in late July. Dr. Gallati reviewed the MRI and noted a L4-5 disc herniation with radiculopathy. He treated the disc herniation surgically and post-operatively noted resolution of left leg pain with mild back pain. He released him to return to work with weight limitations on October 23 and pronounced Mr. Letner at maximum medical improvement (MMI) to resume activities without restrictions "in a gradual kind of common sense approach" on December 18. Dr. Gallati released him to return to work on February 6, 2016.[2]

Mr. Letner returned to Dr. Gallati on February 12, reporting increased pain after he squatted down and twisted and after he turned over in bed and felt his back pop. Dr. Gallati ordered a repeat MRI and placed Mr. Letner off work. Dr. Gallati reviewed the MRI, which showed a large recurrent disc protrusion. He determined Mr. Letner re-injured the disc and performed a second surgery. Dr. Gallati acknowledged an injured disc predisposed Mr. Letner to a recurrence of the disc herniation. He could not state, within a reasonable degree of medical certainty, whether Mr. Letner's recurrent disc herniation occurred due to the July 2015 work injury and previous surgery or whether the disc herniation occurred due to his squatting, twisting, and rolling over in bed when his back popped.

Following the second surgery, Mr. Letner continued to report worsening symptoms. A third MRI showed another L4-5 recurrent disc herniation causing severe stenosis and worsening L4-5 degeneration and facet arthritis. Dr. Gallati recommended a two-level lumbar fusion, given the recurrence of the disc herniation twice at the same level and the progression of degeneration. Dr. Gallati again acknowledged that he could not state, within a reasonable degree of medical certainty, whether Mr. Letner's recurrent disc herniation occurred due to the July 2015 work injury and previous surgery or another cause. Dr. Gallati agreed fighting could cause an injury.[3]

---

[1] Mr. Letner served time in jail from June 18, 2016, through May 30, 2017, and he is currently out of jail on "medical leave" and awaiting his criminal trial. His charges included aggravated assault and domestic assault.

[2] Dr. Gallati's physician's assistant noted in January 2016 that Mr. Letner's had no permanent impairment and did not require permanent functional restrictions. Dr. Gallati stated Mr. Letner's impairment and restrictions would no longer stand based on new documentation of new symptoms and MRI findings.

[3] Dr. Gallati indicated, without the recommended fusion surgery, Mr. Letner reached maximum medical improvement (MMI) on March 17, with permanent restrictions of bending, squatting, or lifting more than fifteen pounds.

Highland paid Mr. Letner "sick benefits" in lieu of temporary disability benefits and withheld taxes and social security. It also paid most of his medical bills, except the second surgery and follow-up care. It has not authorized the recommended third (fusion) surgery.

**Findings of Fact and Conclusions of Law**

Mr. Letner need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

To be compensable, Mr. Letner's injuries must arise primarily out of and in the course and scope of the employment. Additionally, he must show to a reasonable degree of medical certainty that his work injury contributed more than fifty percent in causing the need for medical treatment, considering all causes. Shown to a reasonable degree of medical certainty means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

The Workers' Compensation Appeals Board explained in *Panzarella v. Amazon.com, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 30, at *14 (May 15, 2017) (emphasis in original):

> [A] physician may render an opinion that meets the legal standard espoused in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition. What *is* necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied.

Applying these principles, the Court concludes Mr. Letner failed to demonstrate that his work injury and employment caused the current need for treatment when considering all causes. Dr. Gallati could not state, within a reasonable degree of medical certainty, whether Mr. Letner's *second* recurrent disc herniation occurred due to the July 2015 work injury and previous surgery or whether the disc herniation occurred due to his squatting, twisting, and rolling over in bed when his back popped. Dr. Gallati acknowledged the same was true for the third recurrent disc herniation. For these reasons, the Court denies Mr. Letner's requested relief at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Letner's requested relief is denied at this time.

2. This matter is set for a Status Conference on **February 15, 2018**, at **9:30 a.m. Eastern Time**. The parties must call (865) 594-0091 or toll-free (855) 543-5041 to participate in the Status Conference. Failure to appear by telephone may result in a determination of the issues without the party's participation.

**ENTERED December 22, 2017.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Worker's Compensation Claims**

## APPENDIX

The Court reviewed the following documents, marked as exhibits for ease of reference:

1. Petition for Benefit Determination
2. Dispute Certification Notice with attachments (267 pages)[4]
3. Request for Expedited Hearing with Affidavit
   a. Affidavit of Attorney Patrick Sexton
4. Notice of Filing Deposition of Christopher Gallati, M.D. with attachments (268 pages)[5]
   a. (No. 1) Curriculum Vitae

---

[4] The Court issued a Docketing Notice and instructed the parties to designate by medical provider and date of service any medical record attached to the Dispute Certification Notice that the parties wanted the Court to consider. The Court advised that, if the parties failed to designate to the record, the Court would not consider the unnumbered, voluminous medical records attached under Rule 0800-02-21-.16(6)(c). The parties did not designate to the record, and the Court did not consider the attached records. *See also Love v. Delta Faucet,* 2016 TN. Wrk. Comp. App. Bd. LEXIS 45, at *9-11 (Sept. 19, 2016).

[5] The Court issued a Docketing Notice and instructed the parties to designate by medical provider and date of service any medical record attached to Dr. Gallati's deposition that the parties wanted the Court to consider. The Court advised that, if the parties failed to designate to the record, the Court would not consider the unnumbered, voluminous medical records/bills attached to Dr. Gallati's deposition under Rule 0800-02-21-.16(6)(c). *See also Love v. Delta Faucet,* 2016 TN. Wrk. Comp. App. Bd. LEXIS 45, at *9-11 (Sept. 19, 2016).

4

b. (No. 2) Medical treatment notes
c. (No. 3) Medical expenses/bills
5. Employer's and Carrier's Response to Employee's Request for Expedited Hearing on the Record[6]
6. Notice of Filing Deposition of Arthur Letner with attachments
7. Notice of Filing Employee's Answers to Carrier's First Interrogatories and Requests for Production of Documents

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on December 22, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Patrick Sexton, Employee's Attorney | | | X | ss_l@highland.net |
| Louis A. McElroy, II, Employer's Attorney | | | X | drew@drewmcelroy.net |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

---

[6] The Court granted Highland Steel Erectors and Amerisafe Interstate Insurance Company additional time to reply to Mr. Letner's Request for Expedited Hearing.